KAW CITY MILL & ELEVATOR COMPANY v. PURCELL MILL & ELEVATOR COMPANY.

(Filed September 5, 1907.)

(91 Pac. 1022.)

SALE—Offer and Acceptance—Immaterial Variances. An offer of sale of personal property and its acceptance must receive a reasonable construction, and the proposer is bound by its acceptance in that sense. Immaterial variances between the offer and its acceptance will be disregarded.

(Syllabus by the Court.)

*Error from the Probate Court of Kay County; before R. L. Howsley, Trial Judge.*

Affirmed.

*J. F. King,* for plaintiff in error.
*Sam K. Sullivan,* for defendant in error.

Opinion of the court by

HAINER, J.: This was an action brought by the defendant in error, plaintiff in the court below, against the Kaw City Mill and Elevator Company, to recover damages for the nonperformance of a contract alleged to have been entered into between said parties for the purchase of a quantity of corn for a stipulated

price. From a judgment for the plaintiff in the court below, the defendant appeals.

There is but one question for determination by this court, and that is whether the facts, as shown by the evidence, were such as to constitute a contract between the parties. The evidence upon this point is presented by an agreed statement of facts, which is as follows:

"It is hereby stipulated and agreed by and between the said plaintiff and the said defendant as facts in said cause, that on the 11th day of January, 1904, the said plaintiff sent the following telegram from its place of business in Purcell, I. T., to the defendant, which was delivered to said defendant, in due course, at its place of business in Kaw, Oklahoma, on that date:

" 'Purcell, I. T., Jan. 11, 1904.

" 'To Kaw City M. & E. Co., Kaw City, O. T.: Accept affright mixed chronic basis Kaw rush same forward confirm. Purcell Mill & Elevator Co.'

"And which telegram was in what is known as Robinson's code, used among grain men and elevators, and interpreted into the English language is as follows: 'Accept four cars, mixed ear corn 34½ cts. per bu. basis Kaw, rush same forward, confirm.' That the words 'basis Kaw' in this telegram means that the plaintiff will pay freight on said corn equal in amount to the freight thereon from Kaw, Oklahoma, regardless of where said corn might be shipped from; that on the same date and upon receipt of said telegram by it, and in reply thereto, a telegram was sent by the defendant to the plaintiff in the same code, a copy of which is as follows:

" 'Kaw City, Jan. 11, 1904.

" 'To Purcell M. & E. Co., Purcell: Confirm affright, ear corn, chronic f. o. b. Burbank. Kaw City M. & E. Co.'

"Which telegram was on the same date received by plaintiff, and which being interpreted is as follows: 'Confirm, four cars ear corn 34½ cents per bu. f. o. b. Burbank.' That immediately on the sending of said telegram by plaintiff and on the same day the plaintiff wrote to the defendant the following letter:

" 'Purcell, I. T., Jan. 11, 1904.

" 'Kaw City Mill & Ele. Co.,

" 'Kaw City, Okla.

" 'Gentlemen: We are in receipt of message from our Mr.

Orme, stating you offer us four cars mixed corn at 34½c. We wired you in reply "Accept four cars mixed ear at 34½c basis Kaw, rush same forward." If you can get this corn from your Burbank station it will suit us just as well.

"'Please let same come forward as we are needing it badly.

"'Respectfully,

"'Purcell Mill & Elevator Co.'

"Which letter was duly sealed up and addressed to. defendant at Kaw, Oklahoma, its place of business, and deposited on that date by plaintiff in the post office at Purcell, I. T., postage prepaid, and received in due course of mail by the defendant. That immediately on the sending of said telegram by defendant on the same day, to-wit, Jan. 11, 1904, the said defendant wrote to said plaintiff the following letter:

"'Kaw City, Oklahoma, Jan. 11, 1904.

"'Purcell Mill & Ele. Co.,

"'Purcell, I. T.

"'Gents: We have your account sales for cars as follows: 20331, 31012 & 11494. But you leave out cars No. 1172 & 10340, former shipped Dec. 12, latter Dec. 22, & both prior to the 11494 which was shipped Dec. 30. Please look this matter up. These are the first cars we have had run short. We now have a new pair of Hopper scales and will have a positive check in future, but as a rule in the past returns have shown from 10 to 35 bu. over run. We wired you in reply to yours of today confirming f. o. b. Burbank, while I think rate is the same, still I will not guarantee Kaw rate. Tariffs for Burbank are not thoroughly settled. If you do not want the 4 cars that way wire at once on receipt of this. Yours,

"'Kaw City Mill & Elevator Co.'

"Which letter defendant sealed up and addressed the same to said plaintiff at Purcell, I. T., its place of business, and deposited the same on said date, postage prepaid, in the post office at Kaw, Oklahoma, and which letter plaintiff received in due course of mail. That on January 20th, 1904, the said defendant wrote to the plaintiff, the following letter:

"'Kaw City, Oklahoma, Jan. 20, 1904.

"'Purcell Mill & Elev. Co.,

"'Purcell, I. T.

"'Gents: We had your wire of the 19th, offering 37c for

corn, also have your letter of the 19th before me just now. Your price is not in line at present, so can't sell you any. You speak of us wiring when we have corn. We have corn all the time, when prices are in line. The 4 cars ear from Burbank we have as yet been unable to get cars. We have one that we expect to be able to get out in a day or two, and will have others follow as quickly as we can. Yours truly,

"'KAW CITY MILL & ELEVATOR Co.

"'By H. E. GUY.'

"And on said date sealed said letter up and addressed the same to the plaintiff at Purcell, I. T., and deposited the same, postage prepaid, in the post office at Kaw, Oklahoma, which was reecived by plaintiffs in due course of mail."

We think the trial court was fully justified in holding that the telegrams and letters, as shown by the agreed statement of facts, constituted a contract of sale, and that no other reasonable construction could be placed upon the intent of the parties. The rule is clearly stated in the 24 Am. & E. Enc. Law (2d Ed.) 1032, where it is said: "Immaterial variances between the offer and its acceptance may be disregarded. An offer must receive a reasonable construction, and the proposer is bound by its acceptance in that sense." We have carefully examined the authorities cited by plaintiff in error, upon which a reversal is asked. These authorities undoubtedly correctly state the law, but they are not applicable to the facts of this case. The undisputed testimony, in our opinion, shows that there was an absolute and unconditional acceptance by the palintiff in error, and the subsequent letters of the plaintiff in error clearly indicate an intention upon its part to comply with the contract; and we are unable to perceive on what theory it failed to perform the contract, unless it was on account of the fact that the price of corn had advanced between the time of the acceptance of the proposition and the time that cars could be secured in which to make the shipment. We think this is a clear case of the breach of a just, valid, and binding obligation, and that the defendant in error was entitled to recover such dam-

ages as it sustained by reason of the nonperformance of the contract.

There is no merit in the contention of the plaintiff in error, and the judgment of the court below is affirmed.

Irwin, J., absent; all the other Justices concurring.