## WICHITA FALLS & N. W. RY. CO. v. OVERSTREET & DOCKTER.

No. 8954.—Opinion Filed July 22, 1919.

(Syllabus by the Court.)

**Trial—Discharge of Jury.**

Where a jury is called and empanelled in a case where either party is entitled to trial by jury as a matter of right, it cannot be discharged by the trial court except in the manner provided by section 5008, Rev. Laws 1910, which provides: "The jury may be discharged by the court on account of sickness of a juror, or other accident or calamity requiring their discharge, or by consent of both parties, or after they have been kept together until it satisfactorily appears to the court that there is no probability of their agreeing."

Error from District Court, Harper County; W. C. Crow, Judge.

Action by Overstreet & Dockter, a partnership, composed of H. Overstreet and J. S. Dockter, against the Wichita Falls & Northwestern R. Co., a corporation. Judgment for plaintiff, and defendant brings error. Reversed and remanded, with directions.

C. C. Huff, E. J. Dick, M. W. McKenzie, and W. C. Lewis, for plaintiff in error.

D. P. Parker, for defendant in error.

KANE, J. This was an action commenced by the defendant in error, plaintiff below, against the plaintiff in error, defendant below, before a justice of the peace. The bill of particulars was in eight counts, each count alleging damages by loss in transit to a separate car load shipment of bulk wheat, originating at Laverne, Oklahoma, and consigned to various points in Missouri, Kansas and Texas, the loss, in the aggregate, amounting to $88.47. Upon trial before a justice of the peace judgment was rendered in favor of the defendant for its costs, whereupon the plaintiff appealed to the district court. In the district court a jury was duly empanelled to try the cause. During the progress of the trial the court discharged the jury, to which action the defendant objected as follows:

"The defendant company objects, to the excusing and discharging of the jury at this time over the objection of the defendant for the reason that the trial of said cause is in progress, the plaintiffs having submitted considerable or most of their proof in said action * * *"

The court overruled this objection, saying:

"The defendant having waived a jury in the beginning of the case, I think that is conclusive and I will excuse the jury in the case and try it myself the best I can."

At the close of the evidence, and upon both parties resting, the trial court decided the case in favor of the plaintiff and entered judgment accordingly.

The first assignment of error presented, and the only one we deem it necessary to notice, is the one which questions the action of the trial court in discharging the jury over the objection of counsel for the defendant. This being an action for the recovery of money either party was entitled to a trial by jury as a matter of right. It seems to us that after the jury was called and empanelled in such a case the fact that the defendant had previously waived trial by jury did not warrant the court in arbitrarily discharging the jury after the trial was nearly completed. No authorities are cited by counsel for either side on this point, but it seems quite clear to us that where a jury is called and empanelled in a case where either party is entitled to trial by jury as a matter of right, it cannot be discharged by the trial court except in the manner provided by section 5008, Rev. Laws 1910, which provides:

"The jury may be discharged by the court on account of the sickness of a juror, or other accident or calamity requiring their discharge, or by consent of both parties, or after they have been kept together until it satisfactorily appears to the court that there is no probability of their agreeing."

For the reasons stated the judgment of the court below is reversed and remanded for a new trial.

SHARP, JOHNSON, McNEILL, and HARRISON, JJ., concur.