## FOSTER v. WEST PUBLISHING CO.

No. 7466—Opinion Filed Jan. 27, 1920.

(Syllabus by the Court.)

**1. Contracts—Acceptance—Qualified Acceptance.**

To constitute a binding contract the acceptance must be absolute and unqualified, or must include in itself an acceptance of that character, which the proposer can separate from the rest, and which will include the person accepting. A qualified acceptance is a new proposal.

**2. Sales—Offer and Acceptance—Sufficiency.**

An offer of sale of personal property and its acceptance must receive a reasonable construction, and the proposer is bound by its acceptance in that sense. Immaterial variances between the offer and its acceptance will be disregarded.

**3. Contracts — Acceptance—Immaterial Additions and Suggestions.**

The mere mention in a letter of acceptance of matters upon which the acceptance of the proposition does not depend does not prevent the contract from being completed. Although an acceptance which introduces a new term as part of the proposed contract is insufficient, the mere addition to the acceptance of a collateral or immaterial requisition, not warranted by the terms of the offer, does

not prevent the contract from being completed, and although a request for a change or modification of a proposed contract made before an acceptance thereof amounts to a rejection of it, a mere suggestion that one ought to change the terms of the proposed contract, even though made before the acceptance or rejection, does not amount to a rejection of the offer.

### 4. Same—Mere Expressions of Complaint at Terms and Hope of Change.

If an offer is accepted as made, the acceptance is not conditional and does not vary from the offer because of a suggestion that the terms are unfair, or the expression of a hope, or suggestion, that the offerer will modify the terms.

### 5. Same—"Unconditional Acceptance."

The assent must be absolute and final. The one who makes an offer cannot be bound by a conditional acceptance. But an acceptance is not conditional because the acceptor expresses dissatisfaction with the offer, yet nevertheless gives his unqualified assent, nor because he adds immaterial words of complaint. So long as no new term is added to the proposal and the offer is not varied in any respect, the acceptance is unconditional and valid.

### 6. Same—Meeting of Minds—Negotiations— Intent—Construction.

The question of whether a contract has been entered into being one of construction, in determining this the entire correspondence must be looked to; and, if a bona fide intent on both sides to come to a definite agreement is shown, it should be so construed, if possible, as to constitute an agreement rather than to defeat one.

### 7. Same — Case — Exchange of Property — Sufficiency of Evidence.

Correspondence in this case considered, and held to amount to a binding contract and an unqualified acceptance of the offer between the West Publishing Company and plaintiff in error.

Error from County Court, Oklahoma County; John W. Hayson, Judge.

Action on promissory note by West Publishing Company against Ephriam H. Foster, defendant pleading set-off. Judgment for plaintiff, and defendant appealed. On rehearing, reversed and remanded for new trial.

Fred Suits, for plaintiff in error.

A. J. Taft, for defendant in error.

OWEN, C. J. Foster admitted the execution of the note sued on, but pleaded as a set-off a contract alleged to have been entered into by correspondence with the West Publising Co., under the terms of which the parties were to exchange certain law books. The difference arose over some volumes missing from the books shipped by Foster to the publishing company. In a letter dated April 2, 1909, the publishing company made different propositions of settlement, and the question to be determined is whether Foster's letter, dated April 8, 1909, to the publishing company, amounted to an acceptance of one of the offers. In this letter Foster, after reviewing the entire transaction and attempting to justify his conduct, made certain suggestions as to what he thought would be fair and equitable, concluding with this language:

"This, I say, would be my idea of a square deal, but if you are not disposed to take the same view, I suppose there is nothing for me to do but accept one of the offers contained in your letter of the second instant, and, as a choice of evils, I would prefer that of $188.45, and the books you now have, including charges for rebinding and freight, for 99 volumes, Pacific Reporter Blue Book and Digest."

The trial court took the view that this did not amount to an acceptance on Foster's part, and rendered judgment for the amount due according to the terms of the note.

Section 916, Rev. Laws 1910, provides:

"An acceptance must be absolute and unqualified, or must include in itself an acceptance of that character, which the proposer can separate from the rest, and which will include the person accepting. A qualified acceptance is a new proposal."

In the case of Bleecker v. Miller et al., 40 Okla. 374, 138 Pac. 809, the acceptance was held to be absolute and unqualified, notwithstanding the accepting party objected to certain provisions of the offer and expressed the opinion that the offerer should not ask such conditions. This objection and request was held to be no part of the contract, but a favor asked of the seller, to be granted or withheld at his option, and in no way invalidating the acceptance.

In the case of Kaw City Mill & Ele. Co. v. Purcell Mill & Ele. Co., 19 Okla. 357, 91 Pac. 1022, it was said:

"An offer of sale of personal property and its acceptance must receive a reasonable construction, and the proposer is bound by its acceptance in that sense. Immaterial variances between the offer and its acceptance will be disregarded."

In 6 R. C. L., page 609, it is said:

"From the rule that the acceptance must be unconditional it must not be inferred that the mere mention in a letter of acceptance of matters upon which the acceptance of the proposition does not depend prevents the contract from being completed. There is authority to the effect that though an acceptance which introduces a new term as part of the proposed contract is insufficient.

the mere addition to the acceptance of a collateral or immaterial requisition not warranted by the terms of the offer does not prevent the contract from being completed. Although a request for a change or modification of a proposed contract made before an acceptance thereof amounts to a rejection of it, a mere inquiry as to whether one proposing a contract will alter or modify its terms, made before acceptance or rejection, does not amount to a rejection. * * *"

In 9 Cyc., page 269, it is said:

"If an offer is accepted as made, the acceptance is not conditional and does not vary from the offer because of inquiries whether the offerer will change his terms, or as to future acts, or the expression of a hope, or suggestion," etc.

In the case of Brown v. Cairns, 63 Kan. 693, 56 Pac. 1033, the acceptance was held to be unqualified, notwithstanding the letter concluded:

"We will continue to do our best, and if we cannot make it, I am sure you will meet us again, as we don't want to leave the place, but don't want to get in the hole."

Justice Smith, in delivering the opinion, said:

"There was no counter-proposition, but at best a mere suggestion of assurance by the lessees that their landlords would again exercise their generosity, and remit further rent, if the former failed to make profit out of their venture."

In section 37, Elliott on Contracts, it is said:

"The assent must be absolute and final. The one who makes an offer cannot be bound by a conditional acceptance. But an acceptance is not conditional because the acceptor expresses dissatisfaction with the offer, yet nevertheless gives his unqualified assent, nor because he adds immaterial words."

Again, section 39, the same author says:

"So long as no new term is added to the proposal and the offer is not varied in any respect, the acceptance is unconditional and valid."

In the case of Johnson v. Fed. Union Surety Co., 187 Mich. 454, 153 N. W. 788, the acceptance was held to be complete, although the letter reiterated the hope that defendant would be more liberal and pay a larger sum than that offered. In the case of Eames et al. v. Home Ins. Co., 94 U. S. 621, 24 L. Ed. 298, the expression, "six per cent. is pretty heavy, but guess we will have to stand it," was held to be an acceptance of the proposal.

In 13 C. J., page 298, it is said:

"* * * The question of whether a contract has been entered into being one of construction, in determining which the en-

tire correspondence must be looked to; and, if a bona fide intent on both sides to come to a definite agreement is shown, it should be so construed, if possible, as to constitute an agreement rather than to defeat one."

A reasonable construction of the entire correspondence is to say there appears a bona fide intent on both sides to come to a definite agreement. Foster was grumbling about the conditions imposed, and expressed the hope that the publishing company would be more liberal, but, at the same time, intended to accept the offer to which he referred; his letter amounted to an absolute, unqualified, and unconditional acceptance, such acceptance being capable of separation from the remainder of the letter by the plaintiff, and met the requirements of section 916 of our statute, supra.

It is also contended that the acceptance is not binding for the reason that the letter was not signed with Foster's name, but with the name of the firm, "Foster & Stephenson." Throughout the letter the singular person and not the plural is used, and evidently the publishing company recognized it as Foster's letter; its reply was to him personally, and not to the firm of Foster & Stephenson. The trial court found from the evidence that Foster signed the letter. Certainly, in these circumstances, the signature was binding upon Foster and amounted to an acceptance by him of the offer made by the publishing company, and was recognized by the publishing company as his communication.

The cause pending on rehearing, the opinion prepared by the Commissioner and filed June 13, 1916, will be withdrawn, the petition for rehearing granted, and the judgment of the trial court reversed and remanded, with direction to grant the motion for a new trial and proceed in accordance with the views herein expressed.

PITCHFORD, McNEILL, HIGGINS, and BAILEY, JJ., concur.