## WICHITA FALLS & N. W. R. CO. v. OVERSTREET & DOCKTER.

No. 8956—Opinion Filed Jan. 27, 1920.

(Syllabus by the Court.)

### Jury—Discharging After Impaneling—Case Followed.

Judgment of the trial court reversed and cause remanded for new trial upon the authority of the opinion of this court in No. 8954, Wichita Falls & Northwestern R. Co. v. Overstreet & Dockter, a partnership composed of H. Overstreet and J. S. Dockter, handed down on the 22nd day of July, 1919 (75 Oklahoma, 182 Pac. 674).

Error from District Court, Harper County: W. C. Crow, Judge.

Action by H. Overstreet and J. S. Dockter partners, doing business under the firm name of Overstreet & Dockter, against the Wichita Falls & Northwestern Railway Company. Judgment for plaintiffs, and defendant brings error. Reversed and remanded.

C. C. Huff, E. J. Dick, M. W. McKenzie, and W. C. Lewis, for plaintiffs in error.

D. P. Parker, for defendants in error.

PITCHFORD, J. This action was commenced by the defendants in error, plaintiffs below, against plaintiff in error, defendant below, before a justice of the peace, to recover damages for loss of wheat while in transit. Judgment was rendered in favor of the plaintiffs by the justice of the peace and against defendant. The defendant appealed to the district court. Judgment was there rendered in favor of plaintiffs, and defendant appeals.

Counsel for defendant state their grounds for reversal in their brief as follows:

"(1) Error of the court in discharging the jury against the objections of the plaintiff in error without submitting said cause to said jury after the jury was impaneled and a great portion of the evidence submitted to the jury.

"(2) Error of the court in overruling the demurrer of plaintiff in error to the evidence in causes of action Nos. 1, 3, and 5 in case No. 767, and Nos. 1, 3, 4, and 6 in case No. 769, consolidated with case No. 767, to which ruling of the court in overruling the demurrers to the evidence in each of said causes of action, the plaintiff in error duly excepted at the time.

"(3) Error of the court in overruling the demurrer of the plaintiff in error to the petition of the defendant in error in each of said causes.

"(4) Error of the court in rendering judgment, which is not sustained by sufficient evidence, and the judgment of the court is contrary to law.

"(5) Error of the court in rendering judgment against plaintiff in error.

"(6) Error of the court in overruling motion of plaintiff in error for new trial."

It is further stated in defendant's brief that the foregoing grounds involved the same questions of law included in case No. 8954, and consent is given that this cause be submitted on the questions of law raised in case No. 8954, and that in the event the court vacate said judgment and remands said case for a new trial in case No. 8954, this case may follow the same by reason of the same questions of law being involved, and the result of that case may determine this case in the Supreme Court. On the 22nd day of July, 1919, this court handed down an opinion reversing the judgment of the district court in case No. 8954, and remanded the cause for a new trial (75 Oklahoma, 182 Pac. 674). It therefore follows that the judgment of the trial court entered in this cause must also be reversed and cause remanded upon authority of the opinion in case No. 8954; and it is so ordered.

OWEN, C. J., and McNEILL, HIGGINS. and BAILEY, JJ., concur.