[Civ. No. 6249. Second Appellate District, Division Two.—January 8, 1930.]

LOS ANGELES SODA WORKS (a Corporation), Appellant, v. SOUTHERN CALIFORNIA AQUAZONE COMPANY (a Corporation) et al., Respondents.

Louis P. Boardman for Appellant.

Keeler, Fickert & French for Respondents.

CRAIG, J.—Final judgment having been entered pursuant to an order sustaining a demurrer to the complaint filed in this action without leave to amend, the plaintiff appealed.

Appellant alleged that on June 2, 1925, it became the sublessee of respondent Southern California Aquazone Company, a corporation, of premises belonging to the respondent F. G. Phillipps, for a term extending until March 1, 1927, "and any renewal of the same," at the rental "specified in

said lease''; that it entered and still had possession of the premises, and had performed all of the terms and conditions thereof; that the sublessor had declined to accept the monthly rental for June, 1926, demanding a larger amount than that tendered, or possession of the property. The plaintiff prayed that the court ''appraise and fix as of June 2, 1926, the monthly rental of said leased premises and property for said unexpired term between June 2, 1926, and March 1, 1927, in fulfillment of the provisions of said lease.'' The facts pleaded are embodied in correspondence which, including the purported lease, is set forth in the complaint. The instrument in controversy consists of a letter, the material portions of which are as follows:

''Los Angeles, California, June 2, 1925.

''Mr. Frank R. Bray,

''Los Angeles Soda Works,

''509 Commercial Street,

''Los Angeles, California.

''Dear Sir:

''This is to confirm the verbal understanding had between your company and the Southern California Aquazone Company in regard to your leasing this company's plant and equipment. . . . The understanding is that for the first year of our agreement, commencing June 1, 1925, you are to pay the rentals and perform the services hereinafter recited, with the understanding that at the end of this period a revised agreement will be made, based on the business which has been done, and which will cover the life of the lease & any renewal of same.

''For the first year you are to pay to F. G. Phillipps, the lessee of the premises at 3408–10 South Main street, on the first of each and every month, one hundred and no/100 dollars ($100.00).''

On May 27, 1926, the respondent corporation, contending that since their contract had not been fulfilled in particulars immaterial to this decision, and ''that at the end of such period a revised agreement was to be made,'' demanded a rental of $200 per month from and after June 1, 1926. Appellant replied that there was no foundation for the assumption that his lessor might arbitrarily fix the rent after the date last mentioned. ■ It is contended by appellant

that the contract constituted an agreement to arbitrate at the end of the first period as to the rental value of the premises, for the purposes of an extension, in aid of the main contract, which was a continuing one. His theory is best illustrated by quotation from *Kaufman* v. *Liggett*, 209 Pa. 87 [103 Am. St. Rep. 988, 67 L. R. A. 353, 58 Atl. 129, 134], one of several authorities cited to the same rule in other jurisdictions:

"After a careful consideration of all the cases bearing upon the subject which have been brought to our attention, or which we have found, we are satisfied that the authorities well agree that equity will not compel an arbitration, and upon the very good ground that the courts remain open to the parties, with better provisions for securing justice than are possessed by arbitrators. But in cases of renewal leases, the weight of authority clearly favors the view that the tenant in such a case has a *quasi* proprietorship; a right, lacking merely a valuation; and that the grossest inequity would be worked, should he lose his right through a failure on the part of the arbitrators to fix a valuation."

It is argued therefrom that the same duty to appraise and fix the value of leased premises for a future or unexpired term lies with the courts of this state where the appraisement and fixing of rental is reserved by the contract. However, we think it unnecessary to further pursue this course of discussion, both for the reason that the contract contained no reference to an arbitration as to the rental value of the premises, which in any event would have been ineffective, and that it is too indefinite to enable a court of equity to specifically enforce it. Not only does the contract merely provide that after June 1, 1926, the rentals shall be fixed by a revised agreement, "based on the business which has been done," but subdivision 3 of section 3390 of our Civil Code denounces as unenforceable specifically "an obligation to submit a controversy to arbitration." Other considerations than the payment of a monthly sum of rental were to be performed by the lessee in the instant case. He agreed to manufacture all of certain specified waters for his lessor for which he would receive twenty cents per case, and to pay the running expenses of both parties to the lease, except that of keeping accounts of the lessor. What the parties might deem equitable as cash compensation for the

use of the premises in addition to these concessions, cannot be conjectured, much less decided, judicially. We think the case falls within the rule expressed in *Howard* v. *Burrow*, 77 Cal. App. 4 [245 Pac. 808, 810], quoting with approval from 1 Williston on Contracts, section 45:

"Although a promise may be sufficiently definite when it contains an option given to the promisor or promisee, yet if something is reserved for the future agreement of both parties, the promise can give rise to no legal obligation until such future agreement. Since either party by the very terms of the promise may refuse to agree to anything to which the other party will agree, it is impossible for the law to affix any obligation to such a promise."

It is manifest that the complaint in this regard failed to state a cause of action, and that the demurrer was properly sustained.

The next point advanced by appellant is that having remained in possession and performed the services specified after the expiration of the initial term, the relationship of landlord and tenant was continued, and that respondents were estopped to demand possession or to terminate the tenancy. It is sufficient answer to this contention that the complaint does not allege the facts relied upon but in fact avers that appellant elected to stand upon the original contract requiring an agreement between the parties as to future tenancy, the conditions of which had not been determined.

The judgment is affirmed.

Works, P. J., and Burnell, J., *pro tem.*, concurred.