[Civ. No. 11809.   Second Appellate District, Division Two.—July 26, 1938.]

H. A. HOWARD, Appellant, v. EDWIN O. CHOW et al., Respondents.

Daniel A. Knapp for Appellant.

Henry Haves for Respondents.

McCOMB, J.—From a judgment in favor of defendants after trial before the court without a jury in an action to recover a sum alleged to be due as a broker's commission plaintiff appeals.

The essential facts are:

March 15, 1937, defendants executed an instrument whereby they offered to exchange certain real property with the Mortgage Guarantee Company. This agreement contained a provision for the payment of a commission to plaintiff which read as follows:

"AND IT IS FURTHER AGREED with said H. A. Howard, that when he has secured an acceptance of the proposition to exchange the above described property on the above terms, we will then pay the sum of five hundred and no 00/100 Dollars as commission for services rendered."

March 18, 1937, plaintiff delivered to defendants a letter executed on behalf of the Mortgage Guarantee Company reading thus:

"March 18, 1937

"Mr. H. A. Howard, Broker
    "3208 South Central Avenue,
        "Los Angeles, California.
"Dear Sir:

"This will act as confirmation of my telephone conversation with you as of this date, signifying the acceptance of the offer for the property located at 4701 Central Avenue, Los Angeles, consideration for same being $5500.00 cash,

a first trust deed of $17,000 on the above property, payable $200.00 or more per month, including interest at 6% for ten years, and clear title to a property located at 3115 W. 76th Street and a property located at 1106–10 S. Central, both of Los Angeles. For this, this company agrees to furnish title free and clear subject only to the above mentioned first trust deed and all taxes, insurance, interest and rentals prorated as of the close of escrow.

"This acceptance is subject to the ability of this Company to deliver clear title to the parties later designated in escrow.

"Cordially, J. D. WALLACE."

On March 19, 1937, defendants sent plaintiff the following telegram:

"H. A. Howard Co.

"3208 So. Central Ave.

"Los Angeles, Cal.

"We hereby withdraw our offer to the Mortgage Guarantee Co.

"EDWIN and ELAINE CHOW."

This is the sole question for determination:

*Does the foregoing correspondence constitute an acceptance of defendants' offer to exchange properties with the Mortgage Guarantee Company?*

This question must be answered in the negative. ▮ It is the established law that an acceptance to result in the formation of a binding contract must meet exactly and precisely the terms proposed in the offer; and if something different is made a condition of the alleged acceptance no contract arises, unless the original offeror accepts the counter offer. (Sec. 1585, Civ. Code; *Cooper v. Stansbury*, 28 Cal. App. 444, 447 [152 Pac. 948].)

▮ Applying the foregoing rule of law to the instant case, it is clear that the letter from the Mortgage Guarantee Company dated March 18, 1937, did not accept unqualifiedly the exact terms of defendants' offer but added a new condition, to wit: "This acceptance is subject to the ability of this company to deliver clear title to the parties later designated in escrow."

Therefore, since defendants never accepted the counter offer of the Mortgage Guarantee Company, but in lieu thereof withdrew the offer previously made by them, plaintiff failed

to secure an acceptance of defendants' proposition to exchange properties and thus was not entitled to receive a commission.

For the foregoing reasons the judgment is affirmed.

Crail, P. J., and Wood, J., concurred.