[Civ. No. 14103.   Second Dist., Div. One.   Oct. 19, 1943.]

KERR GLASS MANUFACTURING CORPORATION (a Corporation), Appellant, v. ELIZABETH ARDEN SALES CORPORATION (a Corporation), Respondent.

Thorpe & Bridges for Appellant.

Neil S. McCarthy for Respondent.

DRAPEAU, J. pro tem.—Plaintiff and defendant executed an instrument in writing which they denominated a lease of real property. With one exception it is definite and certain as to terms, description of premises, quiet enjoyment, remedies upon default, rental, and all other usual and necessary parts of a lease.

The controversy here involved revolves around the agreement of the plaintiff to erect a building upon the demised premises to be rented in part by the defendant. Therefore, that part of the lease is as follows:

"Lessor covenants and agrees that, upon the execution of

this lease, it will proceed to construct a building upon that real property in the City of Beverly Hills, County of Los Angeles, State of California, described as: (description) and thereafter prosecute the erection of same until completed.

"Said building shall be constructed generally in accordance with the preliminary leasing plans and outline specifications therefor which are attached hereto, approved in writing by both the lessor and the lessee, and by reference made a part hereof the same as if set forth in full herein, and the final plans and specifications, hereinafter referred to. The final plans and specifications shall be prepared by the lessor within a reasonable period of time, and shall be approved in writing by both the lessor and the lessee before the commencement of the construction of said building, and upon said final plans and specifications being approved by the parties hereto as aforesaid, they shall become a part of this lease by reference the same as if set forth in full herein, and neither party to this lease shall unreasonably withhold its approval thereof."

The amended complaint alleges that plaintiff prepared the final plans and specifications but defendant unreasonably failed and refused to approve the same, and the building was not erected, to the damage of plaintiff. Demurrer to the complaint was sustained without leave to amend, and judgment for defendant followed, from which judgment plaintiff has appealed.

Defendant maintains that the lease is merely an agreement to make an agreement, and, therefore, is not binding upon the defendant in any way, either in an action upon the agreement itself or for damages for its breach. This for the reason that the final plans and specifications for the erection of the building to be prepared by the lessor and approved by the lessee were not approved.

An excellent statement of the principle relied upon by defendant is to be found in *Dillingham* v. *Dahlgren,* 52 Cal. App. 322 at page 330 [198 P. 832].

"An agreement that parties will, in the future, make such contract as they may then agree upon amounts to nothing. An agreement to enter into negotiations and agree upon the terms of a contract, if they can, cannot be made the basis of a cause of action. Where a final contract fails to express some matter, as, for instance, a time of payment, the law may imply the intention of the parties; but where a prelim-

inary contract leaves certain terms to be agreed upon for the purpose of a final contract, there can be no implication of what the parties will agree upon."

Also see *Howard* v. *Burrow*, 77 Cal.App. 4 [245 P. 808]; *Los Angeles Soda Works*, v. *Southern California Aquazone Co.*, 103 Cal.App. 105 [284 P. 253]; *Toms* v. *Hellman*, 115 Cal.App. 74 [1 P.2d 31]. In the last mentioned case, at page 78, a number of California cases in support of the proposition are collected.

Therefore to solve the present case, the question to be determined is whether the agreement was preliminary or final. Did that part of the clause relative to erecting a building in which the parties agreed to prepare and approve final plans and specifications leave a material condition to be left for future agreement?

In *Pacific Improvement Co.* v. *Jones*, 164 Cal. 260, at page 263 [128 P. 404], it is said:

"The next point made by appellant is that the instrument is not a lease, but a mere executory agreement to make a lease. The question is one of intent of the parties, and this must be determined by a construction of the instrument taken as a whole. (Tiffany on Real Property, vol. 1, sec. 37; Taylor's Landlord and Tenant, sec. 38.)"

After careful reading and consideration of the writing here in question, it is apparent that approval of the final plans and specifications was an essential prerequisite to a binding contract between the parties. Upon its face additional terms were to be agreed upon before they were to be bound by it. This view is supported by the fact that the exhibits attached to the amended complaint show that defendant lessee was to rent and occupy a relatively small portion of the ground space of the building to be erected. And apparently plaintiff still labored under its misconception of the effect of the contract in verifying the amended complaint seeking to recover from the defendant architect's fees for preparing plans for the entire building, and other claims of the same comprehensive character.

The appeal from the minute order is dismissed; the judgment is affirmed.

York, P. J., and Doran, J., concurred.