237 P.2d 604

BRAUN v. CAMAS PRAIRIE R. CO.

No. 7732.

Supreme Court of Idaho.

Nov. 15, 1951.

Samuel F. Swayne and Raymond Mc-Nichols, Orofino, for respondent.

GIVENS, Chief Justice.

Respondent claimed that appellant negligently killed his registered milking Short-horn cow with her sucking calf, and one heifer, of the reasonable value of $1100, December 5, 1946.

Frank F. Kimble, Orofino, and F. J. Mc-Kevitt, Spokane, Wash., for appellant.

Questioning the asserted value of the animals, negotiations were carried on between

respondent, and in the later stages, his attorney, and appellant's claim agents, culminating in appellant's grudging letter of February 10, 1949, containing nevertheless a complete and definite offer to pay $400.00.[1]

March 4, same year, respondent's attorney, by what the authorities deem a grumbling or complaining letter, accepted the offer.[2]

[1]    "Lewiston, Idaho Feb 10, 1949.
"Mr. Samuel Swayne, Attorney,
Orofino, Idaho.
   Re:  Carl P. Braun vs Camas Prairie
                  R. R.
"Dear Sir;
   "Sorry to have kept you waiting so long but in the meantime, Mr. Rolland Little, has been contacted and more data received on the case.

   "It is true that Mr. Braun purchased two pedigreed animals from Mr. Little, but, also the only way animals can be definitely identified is by the branding marks, which in this case seem badly mixed up.

   "In case of court procedure, it might be extremely difficult and doubtful for your client to have his contention sustained, that the particular animal claim is made for, is the same animal killed. You must remember that your client is making a claim for a cow tattoed LE 50, whereas the cow that was killed was tattoed LE 20. I do not doubt that your client is honest in his opinion that it is one and the same cow, but the doubt remains.

   "Even with this doubt existing, I am willing to compromise if your client is, and in the interest of good will, the offer of $400.00. is made with the understanding that this amount covers all animals included in his claim.

   "Please inform me your decision.
                  Yours  truly
                  s/ J. M. McBride
Ptfs. Ex. 1.        Claim Agent"

[2]                      March 4th, 1949.
"Mr. J. M. McBride,
Claims Agent,
Camas Prairie Railroad,
Lewiston, Idaho.
            Re: Carl Braun
"Dear Mr. McBride:
   "At my insistance, Mr. Carl Braun will accept the Four Hundred Dollars ($400) as settlement for the destruction of his cattle by your locomotive.

   "However, I wish you would reconsider and at least split the difference with him for the following reasons:

   "There is no doubt as to the identity of this animal, and I believe it could be established by Affidavits of fifteen or twenty persons. I happen to live next door to Mr. Little and am personally acquainted with many of the facts of this case. I also raise Registered Short Horn Cattle and in my judgment, the compensation is inadequate for the animal, not to mention others that were killed with it.

   "I also have personally tatooed these animals, and I am not so sure there is any discrepancy in the identity. If you will examine the enclosed piece of paper, it will illustrate my point. I have placed the number fifty (50) and twenty (20) on the paper with the X beside the twenty (20). Hold it up to the light and read it through the paper and you will understand how a five could appear as a

March 10, 1949, the claim agent, in a letter to respondent's attorney, attempted to revoke the offer.[3]

Appellant refused to pay and suit was instituted. At the trial appellant sought to introduce all of the prior and subsequent correspondence between the parties. The trial court sustained respondent's objection on the ground the offer and acceptance letters constituted a complete contract, and refused appellant's requested instructions and directed and instructed verdict in favor of respondent for $400.

None of the correspondence or any offered evidence showed that respondent had acquiesced in or accepted appellant's attempted revocation.

The sole question involved is whether the letter of respondent's attorney of March 4, 1949, constituted a definite acceptance, appellant contending it was conditional and contemplated further negotiations.

Foster v. West Pub. Co., 77 Okl. 114, 186 P. 1083, after an extensive review and citation of the authorities upon this point, holds in line with the acknowledged weight of authority, that an assent must be absolute and final, not conditional; that an express and definite acceptance is not conditional because the acceptor expresses dissatisfaction with the offer or seeks as a favor modification of the offer, but does not present such request as a condition of acceptance.

In Johnson v. Federal Union Surety Co., 187 Mich. 454, 153 N.W. 788, 792, the acceptance was in this language and was held definite and final: "We think you ought to pay us $3,333.33, but if you will not pay that sum we will take $2,500, which please send."

two if read from the opposite side of the ear, which might easily happen if the punch penetrates clear through the ear, as frequently is the case.

"If you have the ears in your possession, I suggest that you examine and see if this is not what happened.

"I repeat that I think under the circumstances that Five Hundred Dollars ($500) is very fair to you and wholly inadequate to Mr. Braun. Never the less under the durress of bundlesome litigation, Mr. Braun, at my insistance, will accept the Four Hundred Dollars ($400).

Yours very truly,

Ptfs. Ex. 2.    s/ Samuel F. Swayne"

3.        "Lewiston, Idaho, Mar. 10, 1949.
"Mr. Samuel Swayne,
Attorney,
· Orofino, Idaho.
                    Re:  Carl Braun
Dear Sir:
    "This letter is to advise you that the offer of settlement in the Carl Braun, claim, on the date of February 10, 1949. is withdrawn.
    "As you are no doubt aware the Idaho statute limits the time of action to eighteen (18) months, where animals are killed on the Railroad right of way and I doubt very much if any grounds remain on which to base a payment to Mr. Braun.
                    s/ J. M. McBride
Dfts. Ex 5.              Claim Agent"

The letter herein, though indicating that $500 would be fair to appellant and inadequate to Braun, concluded: "Nevertheless under the du*r*ress of bundlesome litigation, Mr. Braun, at my insistance, will accept the Four Hundred Dollars ($400)."

The letter constituted a sufficient acceptance to make a complete contract. Foster v. West Pub. Co., supra; Home Gas Co. of Cushing v. Magnolia Petroleum Co., 143 Okl. 112, 287 P. 1033; Vol. 1, Williston on Contracts, Rev.Ed., p. 230, Sec. 79; Vol. 1, Corbin on Contracts, p. 266, Sec. 84.

Respondent treated the matter as not settled until he received his money, but not otherwise.

The authorities cited by appellant do not controvert the above proposition as applied to a so-called grumbling or complaining acceptance, and furthermore, indicate that the acceptance to be nugatory must contain a specific condition and one which the acceptor offers as a definite alternative of or in lieu of the offer. Ajax Holding Co. v. Heinsbergen, 64 Cal.App.2d 665, 149 P.2d 189; Polhamus v. Roberts, 50 N.M. 236, 175 P.2d 196, 170 A.L.R. 991.

None of the correspondence rejected by the trial court, or the evidence, was sufficient to annul the contract of offer and acceptance made complete by the letter of respondent's attorney.

Judgment, therefore, is affirmed. Costs awarded to respondent.

PORTER, TAYLOR, THOMAS, and KEETON, JJ., concur.