[Civ. No. 19644.   Second Dist., Div. Two.   July 7, 1953.]

ANGELINA BARTONE et al., Respondents, v. TAYLOR-BENSON-JONES COMPANY, LTD., Appellants.

W. L. Engelhardt for Appellants.

Enrico J. Verga for Respondents.

McCOMB, J.—Defendants appeal from a judgment granting plaintiffs specific performance of a contract for the purchase and sale of real property.

*Facts*: Plaintiffs through their broker Benjamin Radin submitted to defendants a written offer dated February 14, 1952, to purchase a lot situated in the city of Inglewood, California. In this offer it was stated "Buyer will pay all cash. Present owner to retain the oil rights."

When this offer was made to defendants, defendants made several insertions in it before accepting the same, among which were that "the oil and gas lease on said premises" was reserved, and "surface rights only included in sale." The sentence reading "Present owner to retain oil rights," was changed to read "Present owners to retain the oil, gas and mineral rights under said premises and are reserved from sale." After the changes were made the offer was signed by defendants.

The following day plaintiffs caused written escrow instructions to be prepared by the Regent Escrow Company, Inc., which instructions were signed by plaintiffs. These instructions so far as they relate to the present case contained these provisions:

"It is understood and agreed that there is an oil and gas lease on the property on which there is no right of entry and on which there is a 500 ft. relinquishment by the lessee and that the royalties on this lease shall remain the property of the sellers."

In addition the escrow instructions provided for the sale of fee title to the real property and not for the surface rights only. A copy of the proposed escrow instructions were sent to defendants but were never executed. On February 20, 1952, defendants wrote a letter to the broker, enclosing a copy for plaintiffs, in which defendants stated that they rescinded their contract for the reason that it had never been accepted and that there had been no meeting of the minds on the contract.

The trial court gave judgment in favor of plaintiffs.

Question: *Do the foregoing facts sustain a finding that there was a contract between the parties?*

*No.* The following rules are here applicable:

1. An acceptance must be absolute and unqualified, or must include in itself an acceptance of that character which the proposer can separate from the rest, and which will in-

clude the person accepting. A qualified acceptance is a new proposal. (Civ. Code, § 1585.)

2. A proposal may be revoked at any time before its acceptance is communicated to the proposer, but not afterwards. (Civ. Code, § 1586.)

3. An acceptance to result in the formation of a binding contract must meet exactly and precisely the terms proposed in the offer, and if something different is made a condition of the alleged acceptance, no contract arises unless the original offeror accepts the counteroffer. (*Howard* v. *Chow*, 27 Cal.App.2d 755, 757 [1] [81 P.2d 994]; *Gale* v. *Wood*, 112 Cal.App.2d 650, 655 [247 P.2d 67]; *Ajax Holding Co.* v. *Heinsbergen*, 64 Cal.App.2d 665, 669 [1] [149 P.2d 189].)

Applying the foregoing rules to the facts of the instant case it is apparent that when the original offer was made to defendants material changes were made therein, to wit, (a) the surface rights alone were to be sold, and (b) the seller was to retain all oil, gas and mineral rights, not merely the rights in the oil and gas lease then on the premises. This constituted the counteroffer.

The counteroffer was not accepted by plaintiffs when they signed the escrow instructions for the escrow instructions (a) provided for the sale of the fee title to the property and not for the surface rights only, and (b) did not provide that the seller should retain all the oil, gas and mineral rights, but merely that the royalties on the oil and gas lease then on the property should remain the property of the sellers.

Clearly this was not an exact and precise acceptance of the counteroffer, and since defendants withdrew such counteroffer before it was accepted by plaintiffs and never accepted the latter's counteroffer, there was no meeting of the minds and no contract was ever entered into.

The judgment is reversed.

Moore, P. J., and Fox, J., concurred.

A petition for a rehearing was denied July 24, 1953, and respondents' petition for a hearing by the Supreme Court was denied September 4, 1953. Carter, J., Traynor, J., and Spence, J., were of the opinion that the petition should be granted.